UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **BYD COMPANY LTD.**<br><br>Plaintiff,<br><br>v.<br><br>**ALLIANCE FOR AMERICAN MANUFACTURING; SCOTT NORMAN PAUL; CATHALIJNE ADAMS, AND MATTHEW MCMULLAN,**<br><br>Defendants. | **Civil Action No.** |

Plaintiff alleges:

## INTRODUCTION

1. Plaintiff BYD Company Ltd. (hereinafter "BYD", an acronym for "Build Your Dreams") is one of the world's largest producers and suppliers of electric vehicles including electric cars, buses, trucks and forklifts, as well as solar panels, lithium batteries, and protective masks and equipment, among many other innovative, important and useful products. BYD is based in the People's Republic of China. Warren Buffet's company, Berkshire Hathaway, is a major investor in BYD. BYD recently won a contract to supply the State of California with $1 billion worth of masks to protect its nurses, doctors, caregivers, first responders and other frontline personnel during the COVID-19 global pandemic, and has been fulfilling that contract for the past several months.

{00113068;1}

2. Defendant Alliance for American Manufacturing ("AAM") is a non-profit organization that advocates in favor of American-made products and manufactures, and routinely spreads mistruths about foreign manufacturers and their products, in an effort to encourage discrimination against them, and impede their ability to compete fairly for supply contracts in the United States. The individual Defendants herein work for AAM, and made the false and defamatory statements that give rise to this lawsuit.

3. Defendants published the highly inflammatory and completely false statement that BYD is "profiting" from forced labor. The statement is false, defamatory and highly damaging to BYD's reputation and business. Defendants' sole "source" is a foreign report that does not even include the statements that Defendants made about BYD. In other words, Defendants did not even accurately describe the contents of the "source" report, which does *not* state that BYD profited from forced labor.

4. Defendants also published the false statements that BYD is "Controlled by the Chinese State" and "an arm of China's military and government." Such statements were and are false and defamatory, and highly damaging to BYD's reputation and business.

## PARTIES

5. Plaintiff BYD is a corporation incorporated under the laws of the People's Republic of China, with its principal place of business in Shenzhen, China. BYD is a private corporation. It has private ownership and is not owned or controlled by the government or military of mainland China.

6. On information and belief, Defendant AAM is a non-profit organization headquartered in Washington, D.C.

{00113068;1}

7. On information and belief, Defendant Scott Norman Paul is the President of AAM, works in Washington, D.C., and lives in the Maryland suburbs of Washington, D.C.

8. On information and belief, Defendant Cathalijne Adams, works for AAM in Washington, D.C., and lives in the vicinity of Washington, D.C.

9. On information and belief, Defendant Matthew McMullan, works for AAM in Washington, D.C., and lives in the vicinity of Washington, D.C.

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332(a)(1) because the Plaintiff and Defendants are citizens of different states and the amount in controversy exceeds $75,000.

11. This Court has personal jurisdiction over the Defendants, and venue is proper under 28 U.S.C. § 1391(a)(2), because the Defendants are located in this District and the defamatory statements were published within this District.

## FACTUAL BACKGROUND

12. BYD is one of the world's largest producers and suppliers of electric vehicles including electric cars, buses, trucks and forklifts, as well as solar panels, lithium batteries, and protective masks and equipment, among many other innovative, important and useful products.

13. Before the events that gave rise to this litigation, BYD enjoyed a very good reputation as a reliable supplier of quality products in the global marketplace.

14. On or about March 1, 2020, ASPI published the "ASPI Report," which was entitled "Uyghurs for Sale: 'Re-education,' forced labour and surveillance beyond Xinjiang."

15. The ASPI Report contains a disclaimer prior to the body of the text, stating:

{00113068;1}

"No person should rely on the contents of this publication without first obtaining advice from a qualified professional."

16.  The text of the ASPI Report mostly concerns other corporations, unrelated to this lawsuit.  The text contains three mentions of BYD.  The first two mentions of BYD in the ASPI Report are exactly the same, and mention BYD as part of a list of companies that purportedly are "directly or indirectly benefiting from the use of Uyghur workers outside Xinjiang through potentially abusive labour transfer programs as recently as 2019."  No further explanatory text is provided.

17.  The third and only other mention of BYD in the ASPI Report alleges that a company named Dongguan Yidong Electronic Co. Ltd. ("Dongguan") supplies "directly" to BYD.  The ASPI Report further alleges that a subsidiary of Dongguan, the Hubei Yihong Precision Manufacturing Co. Ltd. ("Hubei"), employed 105 Uyghur workers who were transferred to Hubei, presumably by the Chinese government. There is no allegation in the ASPI Report that BYD had any relationship whatsoever with Hubei, or that any of the 105 Uyghur workers who supposedly worked for Hubei ever worked on any aspect of BYD's supply chain. There is thus no actual factual support in the ASPI Report for any claim that BYD profited from forced labor.

18.  On or about March 3, 2020, AAM published a story by Defendant Adams entitled "Some of the World's Biggest Brands Depend on Forced Labor in China" ("Forced Labor Story").  The Forced Labor Story purports to be a description of the ASPI Report.  However, the Forced Labor Story makes a false statement of fact of and concerning BYD that is not supported by any facts whatsoever, including any facts contained in the ASPI Report: "It should come as

little surprise that several known bad actors are also profiting from this forced labor, including CRRC Corporation Limited (CRRC) and Build Your Dreams (BYD)."

19. The statement in the Forced Labor Story is a complete fabrication by Defendants. The ASPI Report does not contain any factual support for the claim that BYD is profiting from forced labor. Rather, all ASPI reported is that BYD had business dealings with a company (Dongguan) that happens to own a subsidiary (Hubei) that allegedly used forced labor. However, BYD is not alleged to have had any dealings whatsoever with the subsidiary, Hubei. BYD, in fact, has not had any business dealings with Hubei.

20. On or about May 20, 2020, AAM published a story by Defendant McMullan with the false, defamatory headline: "California has a $1 Billion Contract for PPE with BYD, a Company Controlled by the Chinese State" (the "State Control Story"). BYD is not a company controlled by the Chinese State. BYD is a private corporation, which is privately owned and controlled.

21. AAM also published an undated press release entitled, "Congress Must Act After New Evidence Links CRRC and BYD to Chinese Government and Military" (the "Press Release"). The Press Release contains the statement from Defendant Paul, speaking on behalf of AAM, that "Lawmakers now have irrefutable evidence that CRRC and BYD are simply an arm of China's military and government." Defendant Paul's statement, made on behalf of AAM, is false and defamatory. BYD is not an "arm" of either China's military or its government. BYD is a privately held, privately run corporation that happens to be chartered and located in mainland China.

22. Defendants' attacks on BYD are intended to damage, and have in fact caused substantial damage, to BYD's reputation. These attacks portray BYD as profiteers of forced

labor, a horrific human rights violation, and cast BYD as nothing more than an "arm" of the Chinese government engaging in controversial practices and doing that government's bidding in ways supposedly contrary to American interests. These charges are completely false. On the contrary, BYD is a large, successful *private* company, backed by Warren Buffett, that does business in both China and the United States, does not use forced labor in its supply chain or otherwise, and is not an arm of, nor under the control of, the Chinese government.

23. Defendants published the false statements with actual malice. There is extensive information online that establishes that BYD has private ownership and is not state-owned. Even many publicly-available news reports critical of BYD have conceded that point. AAM linked the ASPI Report to the Forced Labor Story, and thus must have known that the ASPI Report did not establish that BYD profited in any way from forced labor.

## FIRST CAUSE OF ACTION

### Defamation Against Defendants AAM, Paul and Adams

24. BYD hereby re-alleges each allegation in Paragraphs 1 through 23 as though fully set forth herein.

25. Defendants' statements that BYD "Depend[s] on Forced Labor in China" and "profit[s] from this forced labor" were and are false and defamatory, and highly damaging to BYD's reputation and business.

26. Defendants made such statements with actual malice.

27. As a result of such statements, BYD has been damaged in an amount to be proven at trial, and which exceeds $75,000.

28. Defendants' conduct was malicious, fraudulent, outrageous, and reckless, thereby justifying an award of punitive damages.

{00113068;1}

## SECOND CAUSE OF ACTION

### Defamation Against Defendants AAM, Paul and McMullan

29. BYD hereby re-alleges each allegation in Paragraphs 1 through 23 as though fully set forth herein.

30. Defendants' statements that BYD was "Controlled by the Chinese State" and "an arm of China's military and government" were and are false and defamatory, and highly damaging to BYD's reputation and business.

31. Defendants made such statements with actual malice.

32. As a result of such statements, BYD has been damaged in an amount to be proven at trial, and which exceeds $75,000.

33. Defendants' conduct was malicious, fraudulent, outrageous, and reckless, thereby justifying an award of punitive damages.

WHEREFORE, BYD prays for relief against Defendants, jointly and severally, as follows:

    i. For compensatory and punitive damages according to proof;

    ii. For permanent injunctive relief prohibiting the publication of the defamatory statements alleged herein;

    iii. For costs of suit; and

    iv. For such other and further relief as the Court may deem proper.

/ / /
/ / /
/ / /
/ / /
/ / /

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial.

Dated: November 25, 2020

Respectfully submitted,

By: _____
Charles J. Harder, Esq.
(D.C. Bar No. 1017933)
HARDER LLP
132 South Rodeo Drive, Fourth Floor
Beverly Hills, California 90212
Telephone: (424) 203-1600
CHarder@HarderLLP.com