UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **BYD COMPANY LTD**,<br><br>        Plaintiff,<br><br>   v.<br><br>**ALLIANCE FOR AMERICAN MANUFACTURING**, *et al.*,<br><br>        Defendants. | Case No. 1:20-cv-03458 (TNM) |

## MEMORANDUM ORDER

BYD Company Ltd. sues a nonprofit organization and several of its employees for defamation. Defendants move to dismiss the complaint for lack of subject matter jurisdiction and for failure to state claim. They argue in part that BYD failed to allege damages that meet the jurisdictional threshold to remain in federal court. The Court agrees. For the following reasons, the Court will dismiss the complaint without prejudice and allow BYD a chance to amend.

### I.

BYD is a private corporation that is "one of the world's largest producers and suppliers of electric vehicles including electric cars, buses, trucks and forklifts, as well as solar panels, lithium batteries, and protective masks and equipment." Compl. ¶¶ 1, 5, ECF No. 1. It is "incorporated under the laws of the People's Republic of China, with its principal place of business in Shenzhen, China." *Id.* ¶ 5. Defendants are the Alliance for American Manufacturing—"a non-profit organization that advocates in favor of American-made products and manufactures," *id.* ¶ 2—and several of its employees (collectively "AAM"), *id.* They reside in or around Washington, D.C. *Id.* ¶¶ 6–9.

BYD sues AAM for defamation. *Id.* ¶¶ 24–33. According to BYD, AAM issued several statements that "were and are false and defamatory, and highly damaging to BYD's reputation and business." *Id.* ¶¶ 25, 30. BYD claims that it "has been damaged in an amount to be proven at trial, and which exceeds $75,000." *Id.* ¶¶ 27, 32. It also seeks punitive damages. *Id.* ¶¶ 28, 33.

AAM moves to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) and for failure to state a claim under Rule 12(b)(6). *See* Defs.' Mot. Dismiss, ECF No. 7. AAM also seeks dismissal and to recover fees under the D.C. anti-SLAPP statute. *Id.* The motion is ripe for disposition.[1]

## II.

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (cleaned up). They "have an independent obligation to ensure that they do not exceed the scope of their jurisdiction." *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011).

BYD "bears the burden of invoking the court's subject matter jurisdiction." *Arpaio v. Obama*, 797 F.3d 11, 19 (D.C. Cir. 2015). The Court must accept as true all BYD's factual allegations. *Wright v. Foreign Serv. Grievance Bd.*, 503 F. Supp. 2d 163, 170 (D.D.C. 2007). And BYD receives "the benefit of all favorable inferences that can be drawn from the alleged facts." *Id.* The Court also can consider "undisputed facts plus the [C]ourt's resolution of disputed facts." *Herbert v. Nat'l Acad. of Scis.*, 974 F.2d 192, 197 (D.C. Cir. 1992).

---

[1] The Court rejects BYD's request for a hearing, finding that oral argument would not help resolve the motion. *See* LCvR 7(f).

### III.

BYD relies on the diversity statute to maintain federal jurisdiction. Compl. ¶ 10; *see also* 28 U.S.C. § 1332(a)(2).[2] This statute grants federal courts "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000" and the matter "is between citizens of a State and citizens or subjects of a foreign state." 28 U.S.C. § 1332(a)(2).

AAM does not dispute diversity of citizenship here. It argues instead that BYD failed to allege damages that can meet the amount in controversy requirement. AAM claims that BYD did not "plausibly allege that the supposedly defamatory statements . . . caused [BYD] to sustain any actionable damage that can serve as the basis for its unsupported allegation that the amount in controversy exceeds $75,000." Mem. of Law in Supp. Defs.' Mot. Dismiss ("Defs.' Mem.") at 11, ECF No. 7-1.[3] The Court agrees.

### A.

BYD "bears the burden of establishing the amount in controversy." *Rosenboro v. Kim*, 994 F.2d 13, 17 (D.C. Cir. 1993). "It is true that a plaintiff need not provide an exact valuation or detailed breakdown of damages at the outset of litigation, as the claimed sum controls if 'apparently made in good faith.'" *Bronner ex rel. Am. Stud. Ass'n v. Duggan*, 962 F.3d 596, 610 (D.C. Cir. 2020) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938)). "But it does not follow that any unsupported claim will suffice." *Id.* So "dismissal is

---

[2] In its complaint, BYD mistakenly cites 28 U.S.C. § 1332(a)(1). Compl. ¶ 10. This provision does not apply because BYD is a foreign corporation. *See* Pl.'s Mem. P. & A. in Opp'n to Defs.' Mot. Dismiss at 12 n.2, ECF No. 9 ("Plaintiff concedes that 28 U.S.C.A. § 1332(a)(2) is the proper basis for this Court's jurisdiction, and that there is a typo in the Complaint.").

[3] All page citations refer to the pagination generated by the Court's CM/ECF system.

3

warranted if, for example, the [party] submit[s] *no . . . evidence supporting [its] alleged injury.*" *Id.* (cleaned up) (emphasis in original).

BYD alleges that it "has been damaged in an amount to be proven at trial, and which exceeds $75,000." Compl. ¶¶ 27, 32; *see also id.* ¶ 10 (alleging that "the amount in controversy exceeds $75,000"). But BYD must offer more than a "bare-bones assertion of jurisdictional sufficiency to suggest that the monetary damages arising from [its] direct claims even remotely approach $75,000." *Bronner*, 962 F.3d at 610; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." (cleaned up)). It has not done so here.

First, BYD claims reputational damages. It asserts that AAM's "attacks on BYD are intended to damage, and have in fact caused substantial damage, to BYD's reputation." Compl. ¶ 22; *see also id.* ¶ 13 ("Before the events that gave rise to this litigation, BYD enjoyed a very good reputation as a reliable supplier of quality products in the global marketplace."); *id.* ¶¶ 3–4, 25, 30 (alleging statements were "highly damaging to BYD's reputation and business"). But "[t]he law of libel has long reflected the distinction between corporate and human plaintiffs by limiting corporate recovery to actual damages in the form of lost profits." *Kaspersky Lab, Inc. v. U.S. Dep't of Homeland Sec.*, 909 F.3d 446, 461–62 (D.C. Cir. 2018) (cleaned up). So "a corporation suing for defamation . . . may only recover actual damages in the form of lost profits." *Art Metal-U.S.A., Inc. v. United States*, 753 F.2d 1151, 1156 (D.C. Cir. 1985). BYD thus cannot rely on reputational damages to establish jurisdiction here.

BYD concedes as much. It argues that its "references to reputational injuries support the validity of its lost profits/damages to the business claim." Pl.'s Mem. P. & A. in Opp'n to Defs.' Mot. Dismiss ("Pl.'s Opp'n") at 14, ECF No. 9. The Circuit rejected a similar argument in *Art*

*Metal-U.S.A.* There, the plaintiff alleged that its "standing, reputation, prestige, and goodwill as a manufacturer . . . ha[d] been ruined and destroyed with consequent injury to its business and substantial loss of sales." *Art Metal-U.S.A., Inc.*, 753 F.2d at 1155. It claimed on appeal that it sought to protect "not its corporate reputation but rather its pecuniary interest in its products." *Id.* The Circuit rejected this argument as an "illusory distinction." *Id.* at 1156.

BYD's theory fails for the same reason. It offers no factual basis for the Court to infer that any loss in reputation caused or otherwise contributed to lost profits exceeding $75,000. True, BYD is a large corporation that "deals in $1 billion contracts." Pl.'s Opp'n at 17; *see also id.* ("Obviously, a company that is one of the world's largest producers and suppliers of electric vehicles could plausibly suffer at least $75,000 from defamatory statements made against it."). But that alone is not enough. To hold otherwise would substantially lower the threshold for large corporations to enter federal courthouse doors. BYD's reliance on reputational loss thus falls short.

Next, BYD claims that the alleged defamatory statements were "highly damaging" to its "business." Compl. ¶¶ 3–4, 25, 30. Perhaps. But again BYD offers no facts to support this claim.

Consider the allegations in *Bronner*. There, the Circuit affirmed dismissal of a complaint because the plaintiffs (professors) failed to plead damages to meet the jurisdictional threshold. They alleged "several personalized injuries," including "economic and reputational damage." *Bronner*, 962 F.3d at 609. But nowhere did they "explain *how* they ha[d] suffered economic or reputational damage." *Id.* at 610 (emphasis in original). "They [did] not purport to have been denied tenure, promotions or other prestigious honors. Nor [did] they claim to have had their

5

writings rejected by academic journals." *Id.*  So the court found that the plaintiffs did not carry their burden to establish federal jurisdiction.  *Id.*

Similarly, in *Szymkowicz v. Frisch*, an attorney claimed that defamatory statements "were injurious to [his] career and reputation," caused "loss of income and loss of business opportunity," and sought "economic and punitive damages."  No. CV 19-3329 (BAH), 2020 WL 4432240, at *5 (D.D.C. July 31, 2020) (cleaned up).  The court found these allegations insufficient because the plaintiff "never attempt[ed] to explain how he ha[d] suffered his alleged damages."  *Id.* at *6.  "He [did] not, for instance, assert that he ha[d] lost clients," "[n]or [did] he claim that he ha[d] been unable to pursue professional opportunities because his reputation ha[d] been purportedly tarnished."  *Id.*  So "no grounds exist[ed] for determining that plaintiff's damages could exceed $75,000."  *Id.*

So too here.  Missing from the complaint are any facts showing *how* the alleged defamatory statements were "highly damaging" to BYD's "business."  In a parallel defamation case, for example, BYD asserted that an article "caused substantial damage to [its] business reputation and business dealings" because "[s]everal third parties ha[d] already raised the defamatory statements . . . as a reason to delay or terminate contemplated business transactions with BYD."  Compl. ¶ 32, *BYD Co. v. VICE Media LLC*, 20-cv-03281-AJN (S.D.N.Y. Apr. 27, 2020), ECF No. 1.  No such allegations appear in this complaint.  BYD "is obligated to produce support for [its] damages claims at this jurisdictional juncture."  *Szymkowicz*, 2020 WL 4432240, at *6.  It cannot simply "vaguely assert . . . economic and reputational damage" to survive.  *Bronner*, 962 F.3d at 609.  BYD "failed to explain in any concrete terms how" AAM's alleged defamatory statements harmed it.  *Szymkowicz*, 2020 WL 4432240, *8.  This is fatal to its complaint.

Finally, BYD argues that "there is a 'colorable basis' to contend that [its] claim of punitive damages would aid, if not meet, the requisite jurisdictional threshold of damages." Pl.'s Opp'n at 18; *see also* Compl. ¶¶ 28, 33 (seeking "an award of punitive damages"). Not so.

"In applying the legal certainty test where the availability of punitive damages is the sine qua non of federal jurisdiction the District Court should scrutinize the punitive damage claim to ensure that it has at least a colorable basis in law and fact." *Kahal v. J.W. Wilson & Assocs., Inc.*, 673 F.2d 547, 549 (D.C. Cir. 1982). "Liberal pleading rules are not a license for plaintiffs to shoehorn essentially local actions into federal court through extravagant or invalid punitive damage claims." *Id.*

BYD's allegations do not withstand this closer scrutiny. BYD may be "one of the world's largest producers and suppliers of electric vehicles." Pl.'s Opp'n at 18–19. But it offers no facts to support a claim for compensatory damages. So "even adding potential punitive damages to the calculus, [BYD] still falls short of satisfying the amount-in-controversy requirement." *Szymkowicz*, 2020 WL 4432240, at *9 (rejecting plaintiff's reliance on punitive damages to establish federal jurisdiction because "plaintiff ha[d] shown only a *de minimis* amount of compensatory and presumed damages potentially at issue").

The Court affords BYD latitude in its jurisdictional allegations, but "it does not follow that any unsupported claim will suffice." *Bronner*, 962 F.3d at 610. BYD has not carried its burden to establish federal jurisdiction. *Id.* So the Court will dismiss the complaint.

**B.**

AAM also seeks dismissal and an award of litigation costs and reasonable attorney's fees under the local anti-SLAPP statute, D.C. Code § 16-5501 *et seq*. *See* Defs.' Mem. at 33–37. But the Circuit recently confirmed that this statute is unenforceable in federal court. *See Tah v. Glob.*

*Witness Publ'g, Inc.*, 991 F.3d 231, 238–39 (D.C. Cir. 2021) (reaffirming determination "that the D.C. anti-SLAPP statute impermissibly conflicts with the Federal Rules by setting up an additional hurdle a plaintiff must jump over to get to trial" (cleaned up)); *accord Fairbanks v. Roller*, 314 F. Supp. 3d 85, 95 (D.D.C. 2018) (denying motion to dismiss under D.C. anti-SLAPP statute). AAM thus is not entitled to relief under the anti-SLAPP statute. *See* Defs.' Notice of Suppl. Authority at 2, ECF No. 15 (recognizing "adverse finding concerning the pending Motion to Dismiss under the DC anti-SLAPP statute").

## IV.

BYD has offered to amend its complaint. *See* Pl.'s Opp'n at 19. The Court will allow BYD leave to amend to address its jurisdictional deficiencies.[4] For all these reasons, it is hereby

**ORDERED** that Defendants' [7] Motion to Dismiss is GRANTED in part and DENIED in part; and it is also

**ORDERED** that Plaintiff's [1] Complaint is DISMISSED without prejudice; and it is also

**ORDERED** that Plaintiff shall file an amended complaint by May 21, 2021; and it is also

**ORDERED** that Defendants shall file any responsive pleading to the amended complaint within 21 days of its filing.

**SO ORDERED**.

Dated: April 21, 2021                                     TREVOR N. McFADDEN, U.S.D.J.

---

[4] AAM argues in passing that any amendment would be futile. *See* Reply in Further Supp. Defs.' Mot. Dismiss at 14 n.4, ECF No. 10. They offer nothing more to support this argument. And there is no basis at this early stage to find that BYD cannot plead *any* additional facts to establish subject matter jurisdiction. So BYD is allowed to amend.